UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| STURGIS MOTORCYCLE<br>　　　RALLY, INC.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>KENTON D. MORTIMER,<br>MORTIMER ENTERPRISES, a<br>　　　California corporation,<br>TROY D. ROWSEY,<br>ROWSEY INVESTMENTS LLC d/b/a<br>　　　RENEGADE CLASSICS,<br>ROBERT JOHNSON d/b/a<br>　　　RENEGADE CLASSICS<br>　　　BUFORD, and<br>SANDRA WHITE-JOHNSON d/b/a<br>　　　RENEGADE CLASSICS<br>　　　BUFORD,<br><br>　　　Defendants. | Case No.  2:14-cv-175-WCO |

## COMPLAINT

Plaintiff Sturgis Motorcycle Rally, Inc., for its Complaint against

Defendants Kenton D. Mortimer, Mortimer Enterprises (a California corporation),

Sturgis Rally Week, Inc. (a South Dakota corporation), Troy D. Rowsey, Rowsey

Investments LLC d/b/a Renegade Classics, Robert Johnson d/b/a Renegade

1

Classics Buford and Sandra White-Johnson d/b/a Renegade Classics Buford,

alleges:

## Jurisdiction and Venue

1.      This Complaint is an action for trademark infringement and unfair

competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for false

advertising under The Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for trademark

dilution under the Federal Trademark Dilution Revision Act, 15 U.S.C. § 1125(c),

for violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C.

§ 1125(d), and for unfair competition, trademark infringement, and deceptive trade

practices under the common law and statutes of Georgia.

2.      This Court has subject matter jurisdiction over this action upon the

following grounds:

        a.      28 U.S.C. § 1331, this being a civil action arising under the

laws of the United States;

        b.      28 U.S.C. § 1337(a), this being a civil action arising under an

Act of Congress regulating commerce;

        c.      28 U.S.C. § 1338(a), this being a civil action arising under the

trademark laws of the United States, namely, the Lanham Act, 15 U.S.C.

§ 1051 *et seq.*;

2

    d.    28 U.S.C. § 1338(b), this being a civil action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws; and

    e.    28 U.S.C. § 1367(a), this being a civil action including claims that are so related to claims that are within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b) and (c).

## The Parties

4.    Plaintiff Sturgis Motorcycle Rally, Inc. is a South Dakota not-for-profit corporation with a principal place of business at 1612 Junction Avenue, Suite 4, Sturgis, SD 57785.

5.    Upon information and belief, Defendant Kenton D. Mortimer is an individual and resident of California with an address of 1140 North Homsy Ave, Clovis, CA 93611-7116.

6.    Upon information and belief, Defendant Mortimer Enterprises is a California corporation having a principal place of business at 3140 North Argyle Ave Suite 104, Fresno, CA 93727-1323. Mortimer Enterprises may be served

through its registered agent, Kenton D. Mortimer, at 3140 North Argyle Ave Suite 104, Fresno, CA 93727-1323.

7.     Upon information and belief, Defendant Troy D. Rowsey is an individual and resident of California with an address of 1545 Mission Ave, Carmichael, CA 95608-5863.

8.     Upon information and belief, Defendant Rowsey Investments LLC d/b/a Renegade Classics ("Renegade Classics") is a California limited-liability corporation having a principal place of business at 6758 Folsom Blvd., Sacramento, CA 95819-4626. Renegade Classics may be served through its registered agent, Troy D. Rowsey, 6758 Folsom Blvd., Sacramento, CA 95819-4626.

9.     Upon information and belief, Defendant Robert Johnson d/b/a Renegade Classics Buford is an individual and resident of Georgia, with an address of 4965 Lanier Islands Pkwy, Buford, GA 30518.

10.     Upon information and belief, Defendant Sandra White-Johnson d/b/a Renegade Classics Buford is an individual and resident of Georgia, with an address of 4965 Lanier Islands Pkwy, Buford, GA 30518.

4

**A. History of the Sturgis Motorcycle Rally and Plaintiff's and its Predecessors' Promotion and Management of the Event**

11.     Since 1938, Plaintiff and its predecessors-in-interest have organized, sponsored, marketed and promoted an annual motorcycle rally known in recent decades as the "Sturgis Motorcycle Rally" which takes place annually in and near the city of Sturgis, South Dakota and the Black Hills area of South Dakota and Wyoming and is attended by approximately half a million people each year.

12.     Plaintiff, together with its licensee, the City of Sturgis, South Dakota, have been the official organizers and sponsors of the Sturgis Motorcycle Rally™ event for many years. A principal purpose of this annual event is to promote economic development in the City of Sturgis and the surrounding Black Hills area of South Dakota and Wyoming.

13.     The Sturgis Motorcycle Rally™ event, which officially begins on the first Monday following the first full weekend each August, is the premier motorcycle-related event in the world, being the most famous and the most attended.

14.     As a result of the fame of the Sturgis Motorcycle Rally™ event and the hundreds of thousands of visitors who attend the event each year, the event has become a destination for some of the country's best-known musical groups and entertainers, celebrities and even Presidential candidates.

5

15.     The Sturgis Motorcycle Rally™ event has had several names over the years, including "Black Hills Motor Classic" from about 1938, to the "Sturgis Rally & Races" in or about 1992, and currently it is most commonly referred to as the "Sturgis Motorcycle Rally", "Sturgis Bike Week", and the nickname, "Sturgis."

### B. Plaintiff's Valuable Trademarks and Service Marks

16.     In promoting and otherwise supporting the Sturgis Motorcycle Rally™ event, Plaintiff and its predecessors-in-interest have used, and permitted others to use, certain proprietary trademarks and service marks to identify the activities comprising this annual event and the goods sold in conjunction therewith. Those proprietary designations have included, among others, the trademarks and service marks STURGIS BIKE WEEK®, STURGIS™, STURGIS MOTORCYCLE RALLY™, STURGIS RALLY & RACES™, TAKE THE RIDE TO STURGIS®, and a composite design mark which includes at its center and as the largest and most prominent textual component thereof the term STURGIS (the "STURGIS Composite Design Mark") (collectively, the foregoing shall be referred to herein as the "STURGIS Marks").

17.     The success of the Sturgis Motorcycle Rally™ event is due in large part to the longstanding, continuous and extensive sponsorship, promotion and

support by Plaintiff and its predecessors-in-interest, including the Sturgis Area

Chamber of Commerce ("Sturgis Chamber"), with respect to the offering, sale and

distribution of goods and services related to the Sturgis Motorcycle Rally™ event

and sold under and in conjunction with the STURGIS Marks, and due to the related

activities of Plaintiff, its predecessors and their licensee, the City of Sturgis, in

related sponsorship activities under the STURGIS Marks and pertaining to the

Sturgis Motorcycle Rally™ event, which benefits are returned to the local

community through charitable donations.

18.     As the exclusive licensee of Plaintiff for sponsorship and related

services, the City of Sturgis not only sells sponsorship for the Sturgis Motorcycle

Rally™, but it also expends a great deal of its own resources supporting the Sturgis

Motorcycle Rally™ each year in the form of sanitation and security services at the

Sturgis Motorcycle Rally™, and in the advertisement and promotion of the Sturgis

Motorcycle Rally™ each year through the City's "Rally Department".

19.     The full-time "Rally Department" plans for and obtains sponsorships

for the annual rally and expends nearly $50,000 annually for publishing and city

promotion related to the Sturgis Motorcycle Rally™ event.

20.     The City of Sturgis utilizes revenues from the sale of sponsorships to

underwrite the tremendous costs associated with organizing and managing the

Sturgis Motorcycle Rally™ event and the hundreds of thousands of bikers and tourists who populate the 6,000-resident city each Summer. Such costs include those pertaining to police protection, traffic control, sanitation, code enforcement, and hospitality.

21.    By virtue of the City of Sturgis being the exclusive sponsorship licensee and agent of Plaintiff and the City's endorsement of Plaintiff's ownership, protection, and enforcement of the STURGIS Marks, the City of Sturgis wholly supports and enhances the distinctiveness of the STURGIS Marks with Plaintiff.

22.    The Sturgis City Council in 2013 passed a resolution affirming Plaintiff's rightful place as the exclusive owner of the STURGIS Marks and promoter of the rally, a copy of which is attached hereto at Exhibit A.

### C. Plaintiff's Goods and Services and Extensive Use

23.    Plaintiff and its licensees have marketed, advertised, and promoted extensively the Sturgis Motorcycle Rally™ event and their goods and services nationwide for many years using the STURGIS Marks, including by producing the Official Rally Guide, managing the official Sturgis Motorcycle Rally™ event website at <www.sturgismotorcyclerally.com>, maintaining the official presence on social networks such as Facebook®, exhibiting at other major motorcycling events throughout the country to promote the Sturgis Motorcycle Rally™ event

8

and tourism in South Dakota and the Black Hills area, and by serving as a conduit for the State of South Dakota Department of Tourism pertaining to the event.

24.    Plaintiff and its predecessors have advertised Plaintiff's and its predecessors' exclusive sponsorship and promotion of the Sturgis Motorcycle Rally™ event since at least 1986. Sponsors of the Sturgis Motorcycle Rally™ event have included Harley-Davidson, Ford Motor Co., Dodge, GEICO, and Jack Daniel's.

25.    Such use has occurred not only through use of Plaintiff's registered marks STURGIS BIKE WEEK®, TAKE THE RIDE TO STURGIS®, and the STURGIS Composite Design Mark, of which the most prominent feature is the word STURGIS, but also by using and permitting others to use the STURGIS Marks on or in connection with Sturgis Motorcycle Rally™ event-related goods and services.

26.    Plaintiff vigorously protects the STURGIS Marks by monitoring the marketplace for infringing goods and vigorously enforces its rights against those infringing the STURGIS Marks. As a result of this monitoring, Plaintiff has enhanced the goodwill and strength in the STURGIS Marks.

27.    Plaintiff and its licensees have sold a tremendous amount of goods and services under the STURGIS Marks: over $70 million since 1993 covering a

wide variety of STURGIS-branded goods and services. Such sales have produced

in excess of $4 million in royalties to Plaintiff and its predecessors-in-interest.

28.    Further strengthening the STURGIS Marks to connote and promote

goods and services in conjunction with the Sturgis Motorcycle Rally™ event,

Plaintiff and its predecessors have obtained and/or acquired, and Plaintiff owns, a

number of U.S. registrations for several of the STURGIS Marks. These

registrations provide nationwide notice to others of the rights of Plaintiff and

further strengthen the Sturgis Motorcycle Rally™ event and the goodwill of

Plaintiff associated with the STURGIS Marks. Such registrations include:

- STURGIS BIKE WEEK®, U.S. Reg. Nos. 2,070,955, 3,818,703, 3,825,398, 3,838,171, 3,911,270, and 3,923,236, for use in connection with a wide variety of merchandise, including clothing, namely, shirts, T-shirts, sweatshirts, bandanas and caps and including embroidered clothing, namely shirts and sweatshirts;

- TAKE THE RIDE TO STURGIS®, U.S. Reg. No. 2,698,677, for use in connection with clothing, namely, t-shirts and sweatshirts and caps; and,

- The STURGIS Composite Design Mark, U.S. Reg. No. 1,948,097, for use in connection with, *inter alia*, "promoting sports competitions and/or events of others, namely motorcycle rallies, exhibits and competitions" (shown below);



(The foregoing registrations shall be referred to hereinafter as the "STURGIS Registrations").

29.     Attached at Exhibit B hereto are true and correct copies of the U.S. trademark registration certificates for the STURGIS Registrations, which STURGIS Registrations are owned by Plaintiff, are live and subsisting, and constitute evidence of the validity of each of the respective registered marks, Plaintiff's ownership of each of the registered marks, and Plaintiff's exclusive right to use each of the registered marks in commerce on or in connection with the goods and services set forth in each of the respective STURGIS Registrations. Further, U.S. Reg. Nos. 2,070,955 for the STURGIS BIKE WEEK® mark, U.S. Reg. No. 2,698,677 for the TAKE THE RIDE TO STURGIS® mark, and U.S. Reg. No. 1,948,097 for the STURGIS Composite Design Mark, are incontestable pursuant to 15 U.S.C. § 1065, having been registered for more than five years and the owner having submitted the required Section 15 affidavit of incontestability.

11

### D. Plaintiff's Charitable Activities and Valuable Goodwill
### in the STURGIS Marks

30.     Plaintiff's stated mission is twofold: to promote and enhance

economic development in the City of Sturgis and surrounding Black Hills region of

South Dakota and eastern Wyoming, by, *inter alia*, protecting and enforcing the

valuable intellectual property rights pertaining to the Sturgis Motorcycle Rally™

event, and to provide a tangible and charitable return to the citizens of Sturgis and

the surrounding community.

31.     As to the latter goal, and as a result of royalties generated from the

sale of licensed goods and sponsorships of the STURGIS® Motorcycle Rally,

Plaintiff and its predecessors have made substantial contributions to the betterment

of the Sturgis community, including by making charitable contributions to over 90

different causes and organizations, out of revenues received from licensing and

sponsorship royalties.

32.     Among the many groups that have received contributions from SMRi

are the Meade County summer school program, Salvation Army's food cupboard,

Sturgis Arts Council, Sturgis Jaycees, Sturgis Little League, Sturgis Police

Department D.A.R.E. program, Sturgis Volunteer Fire Department, Black Hills

Area Habitat for Humanity, Crisis Intervention Shelter, special projects of the City

12

of Sturgis, and Girl Scouts of the USA. From 2010 through 2013 alone, the SMRi

licensing program contributed more than $250,000 to Sturgis-area charities.

33.     These activities have engendered a great deal of goodwill for Plaintiff,

its predecessors, their respective sponsorship and promotion of the Sturgis

Motorcycle Rally™ event and for the STURGIS Marks.

### E. Defendants and Their Illegal Activities

34.     Without authorization, license or consent from Plaintiff, the

Defendants have been using reproductions, copies, and colorable imitations of

Plaintiff's registered STURGIS Marks, including the infringing designation

STURGIS RALLY WEEK, in connection with the sale, offering for sale,

distribution and advertising of the Defendants' goods, and in a manner which is

likely to cause confusion, to cause mistake and to deceive consumers and potential

consumers.

35.     On June 20, 2000, Defendant Mortimer, doing business as Renegade

Classics, voluntarily executed a "Sturgis Motorcycle Rally License Application,"

attached hereto at Exhibit C, and paid an accompanying $50.00 fee, attached hereto

at Exhibit D.

36.     The application contained the following acknowledgment of the rights

of Plaintiff's predecessor-in-interest, the Sturgis Chamber, with the "X"

handwritten by Defendant Mortimer to indicate for which of Plaintiff's marks

Defendant Mortimer was applying for a license:

> *You are applying for a license to use the (X) STURGIS, ( ) STURGIS*
> *RALLY & RACES, ( ) BLACK HILLS RALLY & RACES, ( ) BLACK*
> *HILLS MOTOR CLASSIC LOGO® trademark(s) (hereinafter referred*
> *to as the "Marks"). By submitting this application and in*
> *consideration of Champion Rally Productions' ("CRP")*
> *consideration of the application, Applicant acknowledges that the*
> *Marks are exclusively owned by the Sturgis Area Chamber of*
> *Commerce when used on or in connection with the manufacture,*
> *marketing and/or distribution of Rally related merchandise and/or*
> *services.*

Mortimer thus acknowledged the rights of Plaintiff's predecessor-in-interest with

respect to Plaintiff's marks, specifically including the STURGIS™ mark, the

STURGIS RALLY & RACES™ mark and the registered STURGIS Composite

Logo, in addition to other marks owned by Plaintiff.

     37.    The Sturgis Chamber's then-agent for licensing the STURGIS Marks,

Champion Rally Productions, evaluated Defendant Mortimer's application.

However, Defendant Mortimer did not consummate a license with the Sturgis

Chamber.

     38.    At no time has Plaintiff or its predecessors-in-interest granted to

Defendants, or any of them, a license to use Plaintiff's STURGIS Marks.

     39.    On August 9, 2011, Plaintiff, through counsel, had delivered to

Defendants Mortimer and Mortimer Enterprises a letter demanding that Defendants

14

cease their offering for sale and sale of goods infringing Plaintiff's STURGIS

Marks and giving actual notice to Defendants Mortimer and Mortimer Enterprise

of Plaintiff's rights and Defendants' wrongful conduct.

40.    On information and belief, thereafter Defendants Mortimer and

Mortimer Enterprises purchased from Plaintiff's licensee licensed goods for resale

and ceased the sale of infringing goods.

41.    On information and belief, Defendants Mortimer and Mortimer

Enterprises subsequently have manufactured, sold, and distributed within the State

of Georgia and elsewhere products bearing infringing designations, including

"Sturgis", "Sturgis Rally Week", and "Sturgis Motorcycle Rally" (collectively,

Defendants' Infringing Designations).

42.    On information and belief, Defendant Mortimer participated in and

directed the decision to select Defendants' Infringing Designations, in spite of

Defendant Mortimer having actual and constructive notice of Plaintiff's rights.

43.    On information and belief, Defendants Mortimer and Mortimer

Enterprises contracted with third parties in multiple states to own and operate

"Renegade Classics"-branded stores, including Troy D. Rowsey and Rowsey

Investments, LLC, through which stores such third parties were required and

expected to purchase for resale goods from Defendants Mortimer and Mortimer Enterprises, including goods infringing Plaintiff's STURGIS Marks.

44.     On information and belief, Defendant Mortimer assigned all right, title, and interest to "Renegade Classics" and the business and contractual relationships with the third-party store owners to Defendants Troy D. Rowsey and Rowsey Investments, LLC. Rowsey and Rowsey Investments, by taking ownership via assignment of the "Renegade Classics" brand, bound themselves to the acknowledgements made by Defendant Mortimer.

45.     On information and belief, Defendants Rowsey and Rowsey Investments maintain an on-going contractual relationship with Defendants Robert Johnson and Sandra White-Johnson d/b/a Renegade Classics Buford to own and operate a "Renegade Classics"-branded store in Buford, Georgia.

46.     On information and belief, Defendants Rowsey and Rowsey Investments require Defendants Johnson and White-Johnson to purchase merchandise for resale from Defendants Mortimer and Mortimer Enterprises, including the aforementioned infringing goods.

47.     On information and belief, Defendants Johnson and White-Johnson purchased from Defendants Mortimer and Mortimer Enterprises, offers for sale,

and has sold the aforementioned infringing goods within the State of Georgia,

including goods described as follows and depicted in Exhibit E hereto:

- Example 1: T-shirt with the words "74th Anniversary" above the words "STURGIS RALLY WEEK" depicted around an image of a skull wearing a motorcycle helmet and goggles in front of crossed pistons and above the date "2014";

- Example 2: T-shirt with the words "STURGIS RALLY WEEK" depicted around an image of a skull with wings and the words "World Famous" and the date "2014" and above the words "South Dakota";

- Example 3: T-shirt with, on the obverse, the word "STURGIS" above the date 2014 depicted in front of a tire with wings and, on the reverse, the words "STURGIS MOTORCYCLE RALLY" depicted above a tire with wings between the digits "20" and "14"and above the words "74th Anniversary South Dakota";

- Example 4: T-shirt with, on the obverse, the words "STURGIS RALLY WEEK" depicted around a skull with wings, the words "South Dakota", "Ride It In" and "Party Hard", the date 2014 and an image of crossed pistons, and above the words "Legendary Good Times" and, on the reverse, the words "STURGIS RALLY WEEK" depicted around a skull with wings and the words "World Famous" and "Biggest Biker Party in the World" and the date 2014 and above the words "South Dakota"; and,

- Example 5: T-shirt with the word "STURGIS" and the date 2014 depicted on the gas tank of a motorcycle.

48.    On information and belief, Defendant Mortimer offers for sale, and

has sold the aforementioned infringing goods within the State of South Dakota,

including goods described as follows and depicted in Exhibit F hereto:

- Example 6: T-shirt with, on the obverse, the word "STURGIS RALLY" above the date 2014 depicted around fanciful depiction of a motorcycle

17

and rider and, on the reverse, the word "STURGIS" above the same depiction and the words "74th Annual", "Black Hills Rally", "South Dakota" and the date "2014"; and,

- Example 7: T-shirt with the same markings as Example 4 above, with additional design elements on the sleeves.

49.     The use by Defendants of each of Defendants' Infringing Designations shows that Plaintiff's STURGIS Marks are distinctive and carry considerable goodwill that Defendants and third parties would like to appropriate for themselves.

50.     On information and belief, the activities of the Defendants described herein, which are in violation of Plaintiff's rights, have been directed, controlled, ratified, and participated in by Defendants Mortimer, Rowsey, Johnson, and White-Johnson, who are the moving forces behind the infringing conduct.

51.     Defendants Rowsey, Johnson and White-Johnson, despite having constructive notice—and on information and belief, actual notice—of Plaintiff's rights in and to the STURGIS Marks and STURGIS Registrations, continued to participate in and direct additional infringing conduct with respect to the Defendants' Infringing Marks.

52.     By offering for sale, selling, distributing, marketing and advertising goods sold under the Defendants' Infringing Designations, Defendants intentionally have violated Plaintiff's rights in and to the STURGIS Marks and the

18

STURGIS Registrations, and with the knowledge and intention that the use in commerce of Defendants' Infringing Designations were and are intended to cause confusion, to cause mistake, and to deceive consumers and potential consumers.

53.    Defendants also, in connection with the offering for sale, sale, distribution, advertising and promotion of goods bearing and in conjunction with Defendants' Infringing Designations, have caused, are causing and are likely to cause confusion and mistake, and have deceived, are deceiving and are likely to deceive, as to the affiliation, connection, and association of Defendants with Plaintiff, and as to the origin, sponsorship, and approval of Defendants' goods and commercial activities.

54.    Further, Defendants, by their offering for sale, distribution, marketing and advertising of goods bearing and in conjunction with Defendants' Infringing Designations, in commercial advertising and promotion, including through websites and social media, have misrepresented the nature, characteristics, qualities, and origin of their goods and their commercial activities, to the harm of Plaintiff.

55.    Defendants' acts complained of herein have been willful, with the intent to harm the rights of Plaintiff, and has been injurious to Plaintiff and to consumers in this state and elsewhere.

56.     Defendants' acts have caused actual confusion among consumers who purchase and are likely to purchase goods bearing Plaintiff's STURGIS Marks.

57.     Defendants' acts complained of herein are likely to confuse consumers within the meaning of the Lanham Act and Georgia statutory and common law prohibiting unfair competition and trademark infringement.

58.     Defendants' acts complained of herein creates a likelihood of injury to Plaintiff's business reputation and of dilution of the distinctive quality of Plaintiff's STURGIS Marks within the meaning of OCGA § 10-1-451(b).

59.     Defendants' act complained of herein constitute an attempt to encroach upon Plaintiff's business by the use of similar trademarks, with the intention of deceiving and misleading the public, within the meaning of OCGA § 23-2-55.

60.     The acts of Defendants complained of herein constitute the knowing and intentional use and employment of deceptive acts, false pretenses, false promises and/or misrepresentations, and the concealment, suppression and omission of material facts in connection with the sale and advertisement of merchandise by Defendants.

61.     Plaintiff has been adversely affected by the acts of Defendants and has incurred damages and other harm as a result of Defendants' acts.

62.     Still further, and in spite of Defendants Mortimer and Mortimer Enterprises having actual and constructive knowledge of, and having acknowledged in writing, Plaintiff's rights, Defendant Mortimer has taken numerous actions injurious to Plaintiff.

63.     Defendants Mortimer and Mortimer Enterprises have applied to register with the U.S. Patent & Trademark Office ("PTO") at least two trademark applications in unfair competition with Plaintiff, and made unfair, deceptive and fraudulent representations to the PTO in the furtherance of those applications.

64.     Specifically, Defendants Mortimer and Mortimer Enterprises have applied to register the confusingly similar and deceptive designation "Sturgis Rally Week" with the PTO pursuant to U.S. Appl. Serial Nos. 85/152,541 (word mark) and 85/152,519 (design mark), for use in conjunction with "Baseball caps and hats; Hooded sweat shirts; Shirts and short-sleeved shirts; Short-sleeved or long-sleeved t-shirts; Sweat jackets; Sweat shirts; Tank tops" in International Class 25, which applications have not attained registration but which remain pending and suspended (the "Infringing Applications") and against which Infringing Applications Plaintiff has instigated trademark opposition proceedings before the U.S. Trademark Trial and Appeal Board.

65.     Defendants Mortimer and Mortimer Enterprises represented falsely to the PTO that "Renegade Classics, a California corporation" was entitled to use such marks in commerce, despite the fact that no such entity existed at any time and in spite of the express acknowledgment by Defendants Mortimer and Mortimer Enterprises of Plaintiff's rights in the STURGIS Marks.

66.     Defendants Mortimer and Mortimer Enterprises further represented falsely to the PTO that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive," in spite of the express acknowledgment by Defendants Mortimer and Mortimer Enterprises of Plaintiff's rights in the STURGIS Marks and in violation of Section 2 of the Lanham Act, 15 U.S.C. § 1052(d).

67.     On information and belief, Defendants Mortimer and Mortimer Enterprises willfully made the foregoing material misrepresentations with the intent to deceive the PTO, on which misrepresentations the PTO relied in issuing a notice of publication for the Infringing Applications, in violation of Section 14 of the Lanham Act, 15 U.S.C. § 1064(3).

68.     Defendants Mortimer and Mortimer Enterprises also have obtained and used domain name registrations in violation of Plaintiff's rights, including registration and use of the domain name <SturgisFun.com>, which resolves to a website at http://www.sturgisfun.com advertising and promoting the Sturgis Motorcycle Rally™ event, including the purchase of infringing goods from four "Renegade Classics"-branded stores operated by Defendants Mortimer and Mortimer Enterprises during the Sturgis Motorcycle Rally™ event, as depicted at Exhibit G attached hereto (available at http://www.sturgisfun.com/shopping.html).

69.     As also depicted in Exhibit G, Defendants Mortimer and Mortimer Enterprises advertise and sell the goods and services of certain of Plaintiff's licensees, namely Hot Leathers and Tom's T's.  While Defendants Mortimer and Mortimer Enterprises may advertise and resell the goods of Plaintiff and Plaintiff's licensees, the sale of goods bearing Defendants' Infringing Designations in proximity to the sale of the duly licensed products of Plaintiff and its licensees, without the consent of Plaintiff, creates a substantial likelihood that consumers and potential consumers will be confused by the origin or source of the goods bearing Defendants' Infringing Designations and/or that Plaintiff has approved of or endorsed or licensed the goods bearing Defendants' Infringing Designations when it has not done so.  Still further, Defendants' website represents, "Tom's T's prints

the official t-shirt for the Sturgis Chamber of Commerce." The reference by Defendants to the products of Plaintiff's authorized licensee further creates consumer confusion by suggesting falsely that Defendants' activities are sponsored or approved of by Plaintiff or its licensees, to Plaintiff's injury.

70.     Defendants Mortimer and Mortimer Enterprises obtained and used the aforementioned domain name registrations all with bad faith intent to profit from the unlawful use of Plaintiff's STURGIS Marks. Plaintiff's STURGIS Marks were distinctive at the time of the registration of the <SturgisFun.com> domain name, which domain name is confusingly similar or identical to Plaintiff's STURGIS Marks.

71.     Plaintiff is entitled to a forfeiture and cancellation or transfer of the domain names, plus actual or statutory damages of up to $100,000 per each of the Defendants' domain names, pursuant to Section 43(d) of the Lanham Act and 15 U.S.C. § 1117(d).

72.     Use of the SturgisFun.com domain name by Defendants Mortimer and Mortimer Enterprises also constitutes trademark infringement and unfair competition in violation of Plaintiff's rights, all in connection with the offering, marketing, distribution and sale of goods related to the Sturgis Motorcycle Rally™ event.

24

73.     Defendants Mortimer and Mortimer Enterprises also have taken improper action and engaged in wrongful conduct without privilege or justification, acting purposely and with malice with intent to injure Plaintiff, including by communicating with Plaintiff's present and prospective licensees and customers to discourage them from entering into and complying with licenses, and from purchasing licensed product of Plaintiff's licensees, or from otherwise engaging in lawful business activities with Plaintiff, and to encourage them to infringe Plaintiff's STURGIS Marks with impunity, such as by representing falsely that using additional terms such as "South Dakota" with Plaintiff's STURGIS Marks renders lawful otherwise infringing uses of Plaintiff's STURGIS Marks.

74.     On information and belief, Defendant Mortimer knows of Plaintiff's and its licensees existing and potential business relationships and specifically communicates with the same, including via mass communications from the email address <support@sturgisfun.com>, as shown in Exhibit H attached hereto:

> *WARNING: DO NOT SIGN ANY AGREEMENTS WITH SMRI. You may be bound by parts of the agreement even after the court case is over!  You sure don't want to agree to buy your Sturgis souvenirs from SMRI forever.*

(capitalization in original).

## Count I
## Infringement of Registered Marks, 15 U.S.C. § 1114

75.     Plaintiff incorporates herein by reference paragraphs 1–74 above.

25

76.     As alleged above, Plaintiff owns valid rights in its STURGIS Registrations.

77.     As alleged above, Defendants' Infringing Designations are likely to confuse consumers within the meaning of the Lanham Act.

78.     The acts of Defendants complained of herein constitute trademark infringement of a registered mark under the Lanham Act, 15 U.S.C. § 1114.

79.     Plaintiff has been damaged by the acts of Defendants complained of herein.

<div align="center">

**Count II**
**Unfair Competition, 15 U.S.C. § 1125(a)(1)(A)**

</div>

80.     Plaintiff incorporates herein by reference paragraphs 1–74 above.

81.     As alleged above, Plaintiff owns valid rights in its STURGIS Marks, as established by, *inter alia*, Plaintiff's STURGIS Registrations and by the acknowledgement of Plaintiff's rights by Defendants Mortimer and Mortimer Enterprises.

82.     As alleged above, Defendants Rowsey and Rowsey Investments acquired by assignment the "Renegade Classics" brand from Defendants Mortimer and Mortimer Enterprises, including the acknowledgement of Plaintiff's STURGIS Marks.

83.     As alleged above, Defendants' Infringing Designations are likely to confuse consumers within the meaning of the Lanham Act.

84.     The acts of Defendants complained of herein constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

85.     Plaintiff has been damaged by the acts of Defendants complained of herein.

## Count III
## Trademark Infringement and Unfair Competition, Georgia Common Law

86.     Plaintiff incorporates herein by reference paragraphs 1–74 above.

87.     As alleged above, Defendants' acts constitute trademark infringement and unfair competition under the Lanham Act. Accordingly, the acts of Defendants complained of herein constitute trademark infringement and unfair competition under the common law of the State of Georgia.

88.     Plaintiff has been damaged by the acts of Defendants complained of herein.

## Count IV
## Trademark Infringement, OCGA §§ 10-1-451(b) and 23-2-55

89.     Plaintiff incorporates herein by reference paragraphs 1–74 above.

90.     As alleged above, Defendants' acts constitute trademark infringement under the Lanham Act. Accordingly, the acts of Defendants complained of herein

27

constitute trademark infringement in violation of OCGA §§ 10-1-451(b) and
23-2-55.

91.    The acts of Defendants complained of herein create a likelihood of
injury to Plaintiff's business reputation and of dilution of the distinctive quality of
Plaintiff's STURGIS Marks in violation of OCGA § 10-1-451(b) and constitute an
attempt to encroach upon Plaintiff's business by the use of similar trademarks, with
the intention of deceiving and misleading the public, within the meaning of OCGA
§ 23-2-55.

92.    Plaintiff has been damaged by the acts of Defendants complained of
herein and is entitled to an injunction to enjoin Defendants' subsequent use of the
Infringing Designations.

### Count V
### Deceptive Trade Practices, OCGA § 10-1-372 *et seq.*

93.    Plaintiff incorporates herein by reference paragraphs 1–74 above.

94.    As alleged above, Defendants' acts constitute trademark infringement
and unfair competition under the Lanham Act. Accordingly, the acts of Defendants
complained of herein constitute deceptive trade practices and a violation of OCGA
§ 10-1-372 *et seq.*

95.    Plaintiff has been damaged by the acts of Defendants complained of
herein and is entitled to attorney's fees pursuant to OCGA § 10-1-373(b)(2).

96.     The harm to Plaintiff incurred by virtue of Defendants' unlawful activities is not fully compensable via monetary remedies, but also requires injunctive relief against Defendants.

### Count VI
### False Advertising, 15 U.S.C. § 1125(a)(1)(B)

97.     Plaintiff incorporates herein by reference paragraphs 1–74 above.

98.     As alleged above, Defendants have in commercial advertising or promotion, misrepresented the nature, characteristics, qualities, or geographic origin of their goods, including through websites and social media and by advertising Defendants' unauthorized goods in proximity to the goods and services of Plaintiff's licensees.

99.     The acts of Defendants complained of herein constitute false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

100.    Plaintiff has been damaged by the acts of Defendants complained of herein.

### Count VII
### Violation of Anti-Cybersquatting Consumer Protection Act,
### 15 U.S.C. § 1125(d)

101.    Plaintiff incorporates herein by reference paragraphs 1–74 above.

102.   As alleged above, Plaintiff owns valid rights in its STURGIS Marks, as established by Plaintiff's STURGIS Registrations and by the acknowledgement of Plaintiff's rights by Defendants Mortimer and Mortimer Enterprises.

103.   As alleged above, Defendants Mortimer and Mortimer Enterprises with bad faith intent to profit from Plaintiff's STURGIS Marks, registered domain names, including <SturgisFun.com>, that are identical or confusingly to Plaintiff's distinctive STURGIS Marks.

104.   The acts of Defendants Mortimer and Mortimer Enterprises complained of herein constitute violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

105.   Plaintiff has been damaged by the acts of the Defendants Mortimer and Mortimer Enterprises complained of herein.

**Count VIII**
**Refusal of Trademark Applications,**
**Filed in Violation of 15 U.S.C. §§ 1052(d) and 1064(3)**

106.   Plaintiff incorporates herein by reference paragraphs 1–74 above.

107.   As alleged above, Defendants Mortimer and Mortimer Enterprises have filed at least two trademark applications in unfair competition with Plaintiff, and made unfair, deceptive and fraudulent representations to the PTO in the furtherance of those applications.

30

108.   The acts of Defendants Mortimer and Mortimer Enterprises complained of herein violate Sections 2 and 14 of the Lanham Act, 15 U.S.C. §§ 1052(d) and 1064(3).

109.   Registration of the Infringing Applications by Mortimer and Mortimer Enterprises would cause injury to Plaintiff and its STURGIS Marks.

110.   Plaintiff is entitled to have the Director of the U.S. Patent & Trademark Office ordered to refuse registration of the Infringing Applications, which order the Court has authority to make pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

**Count IX**
**Tortious Interference with Contractual Relations,**
**Business Relations, and Potential Business Relations**

111.   Plaintiff incorporates herein by reference paragraphs 1–74 above.

112.   As alleged above, Defendants Mortimer and Mortimer Enterprises have taken improper action and engaged in wrongful conduct without privilege or justification, acting purposely and with malice with intent to injure Plaintiff.

113.   As alleged above, Defendants Mortimer and Mortimer Enterprises improper action and wrongful conduct includes communicating with Plaintiff's present and prospective licensees and customers to discourage them from entering into and complying with licenses, and from purchasing licensed product of

Plaintiff's licensees, or from otherwise engaging in lawful business activities with Plaintiff.

114.   As alleged above, Defendants Mortimer and Mortimer Enterprises improper action and wrongful conduct also includes communicating with Plaintiff's present and prospective to encourage them to infringe Plaintiff's STURGIS Marks with impunity, such as by representing falsely that using additional terms such as "South Dakota" with Plaintiff's STURGIS Marks renders lawful otherwise infringing uses of Plaintiff's STURGIS Marks.

115.   The acts of Defendants Mortimer and Mortimer Enterprises complained of herein constitute tortious interference with contractual relations, business relations, and potential business relations.

116.   Plaintiff has been damaged by the acts of Defendants Mortimer and Mortimer Enterprises complained of herein.

**WHEREFORE**, Plaintiff Sturgis Motorcycle Rally, Inc. requests that the Court:

(a) Preliminarily and permanently enjoin Defendants from infringing Plaintiff's STURGIS Marks, including by ceasing and desisting from further use of the STURGIS RALLY WEEK designation and any other STURGIS-formative mark;

(b) Preliminarily and permanently enjoin Defendants from unfairly competing against Plaintiff;

(c) Preliminarily and permanently enjoin Defendants from falsely representing the nature, characteristics, qualities and origin of their or Plaintiff's goods, services and commercial activities;

(d) Order the Director of the U.S. Patent & Trademark Office to refuse registration to U.S. Appl. Serial Nos. 85/152,541 and 85/152,519 pursuant to 15 U.S.C. § 1119;

(e) Preliminarily and permanently enjoin Defendants from tortiously interfering with Plaintiff's contractual, business, and potential business relations;

(f) Preliminarily and permanently enjoin the Defendants from profiting in bad faith from, or maintaining the registration of, the <SturgisFun.com> domain name, and order that Defendants transfer the <SturgisFun.com> domain name to Plaintiff;

(g) Preliminarily and permanently enjoin Defendants from infringing Plaintiff's rights under Georgia common law and from committing trademark infringement under Georgia statutory law, and from

committing unfair and deceptive trade practices under the Georgia

Uniform Deceptive Trade Practices Act, OCGA § 10-1-372.

(h) Award Plaintiff all monetary remedies to which it is entitled under the

common law and the particular statutes referenced herein, including,

without limitation, any and all profits realized by Defendants from the

unlawful activities made the subjects of Plaintiff's claims, any damages

sustained by Plaintiff as a result of Defendants' unlawful activities,

statutory damages pursuant to the Anticybersquatting Consumer

Protection Act, 15 U.S.C. § 1125(d), and the costs of this action, pursuant

to 15 U.S.C. § 1117 and otherwise as just and appropriate under the law;

(i) Award enhanced monetary remedies pursuant to Section 35 of the

Lanham Act, 15 U.S.C. § 1117, and Georgia statutory law;

(j) Order the destruction of all infringing articles sold on or in conjunction

with Defendants' Infringing Designations, pursuant to 15 U.S.C. § 1118;

(k) Award Plaintiff its reasonable attorneys' fees; and

(l) For such other and further relief as the Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY
ON ALL ISSUES SO TRIABLE**.

Respectfully submitted this 5th day of August 2014.

<div style="margin-left:2em">

**s/ Charles Landrum**

Attorney Bar Number: 312056
Attorney for Sturgis Motorcycle Rally, Inc.
SNEED PLLC, *of Counsel*
610 Jetton St., Suite 120-107
Davidson, NC 28036
Telephone: (844) 763-3347
Email: CLandrum@SneedLegal.com

</div>