UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **STURGIS MOTORCYCLE RALLY, INC.** )  ) | |
| Plaintiff,  ) ) | |
| v.  ) ) | Case No.: 2:14-cv-175-WCO |
| **KENTON D. MORTIMER,** *et al.* ) ) | |
| Defendants. ) ) | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE CONFIDENTIAL PORTIONS OF PLAINTIFF'S MOTION TO ENFORCE

COME NOW Defendants Kenton D. Mortimer and Mortimer Enterprises ("Mortimer") and move the Court for an Order striking confidential portions of Plaintiff's recently filed Motion to Enforce Binding Term Sheet ("Motion to Enforce"). [Doc. 129] Mortimer also asks that this Court grant an award of attorney fees against Plaintiff for such blatantly reckless disclosure.

### BACKGROUND

On July 20, 2016, this Court ordered the case to mediation before Judge J. Clay Fuller. [Doc. 111] On August 1, 2016, Judge Fuller issued an "Order Setting

Mediation," which provides the details regarding the mediation. [Doc. 116; see also Exhibit A attached hereto] The Court's Order explicitly made it clear that:

> The conference will be conducted in a manner as to not prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be **kept confidential and will not be disclosed to any other party, or to this trial judge**.
> . . . .
> In accordance with the Local Rules of this Court, the parties agree, by participating in the settlement conference, "**that any statements made or presented during the . . . conference are confidential** . . ..

[Id. at p. 3 (citing N.D. Ga. Local Rule 16.7I (5))] (emphasis added)

On September 13, 2016, the parties reached an "agreement to agree" on certain terms, which were to be executed into a final, valid and enforceable settlement agreement. The terms were applicable to all parties, including now defunct Mortimer Enterprises and Mortimer's related parties.[1]  After additional

---

[1] Defendants intend to respond substantively to Plaintiff's erroneously filed Motion to Enforce by the opposition deadline of November 18, 2016. Plaintiff is grossly flawed in its request. The parties' Term Sheet was an agreement to agree on certain terms, but it was not wholly complete in that a valid and enforceable agreement was reached at the time. *See, e.g., Liberto v. D.F. Stauffer Biscuit Co.*, 441 F.3d 318, 323-324 (5th Cir. 2006) (finding the parties' settlement to be an unenforceable "agreement to agree" and not binding because it did not resolve all essential terms: "Given its centrality [of quality control], leaving necessary terms of control to be determined in future negotiations militates against the finding of a binding contract."); *see also BellSouth Advertising v. McCollum*, 209 Ga. App. 441, 445, 433 S.E.2d 437, 440 (1993) ("[I]f there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement . . . it must follow that a valid and binding contract was not made."). The Term Sheet also fails basic application of contract law. The terms were not readily defined or reasonably certain, which was the essence of the parties' requirement in completing a settlement agreement. See RESTATEMENT (SECOND) OF
(footnote continued)

communications during late September thru October 2016, including those with Judge Fuller, Plaintiff abruptly ended settlement discussions, and on November 4, 2016, filed the pending Motion.

In violation of the local rules and general conditions of confidentiality of mediation, Plaintiff shockingly filed the parties' mediation "Term Sheet" as an exhibit to its Motion.  The Term Sheet was prepared as a part of the parties' conciliation efforts at a <u>confidential</u> mediation that took place on September 13, 2016.  It is well-established that mediations are subject to confidentiality, as outlined in the Order Setting Mediation and Local Rules of this Court, including any terms or communications discussed.  Accordingly, the Court should strike and otherwise redact as confidential under seal both (a) the Term Sheet and (b) the monetary payment referenced in the Motion from the record because it violates the Court's mediation order and the Local Rules of this Court.

**A.    The Term Sheet is Subject to this Court's Order Setting Mediation and Local Rule 16.7 (I)(5), Which Prohibits the Disclosure and Use of the Term Sheet as Evidence.**

It is well-established that communications made during mediation or settlement proceedings may not be made public or used as evidence.  This

---

CONTRACTS §§ 27, 33 (1981).  Finally, use of a settlement privileged communication as evidence in proving a claim is in violation of the Federal Rules of Evidence 408; *see also* O.C.G.A. § 24-4-408.

confidentiality requirement seeks to encourage settlement and open disclosures during negotiation by removing the threat that statements will later be used in litigation. *See Hays v. Equitex, Inc. (In re RDM Sports Grp., Inc.)*, 277 B.R. 415, 428 (Bankr. N.D. Ga. 2002) (finding that the confidential nature of mediation and alternative dispute resolution proceedings is an essential component of the successful discourse towards resolution); *see also Mableton Parkway CVS, Inc. v. Salter*, 254 Ga. App. 162, 164, 561 S.E.2d 478, 482 (2002); *Davidson v. American Fitness Centers, Inc.*, 171 Ga. App. 691, 694, 320 S.E.2d 824, 826-27 (1984). This Court's Order Setting Mediation reaffirms these principles and expressly provides that all matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party, or to the trial judge; that any statements made or presented during the conference are confidential. [Doc. No. 116 at p. 2; see also Ex. A) (quoting N.D. Ga. LR 16.7I (5))].

The Term Sheet at issue was created during the parties' conciliation efforts at a confidential mediation. The parties engaged in the negotiation process under the mutual agreement and understanding that the conduct and communications of the parties would remain confidential. But now, Plaintiff, in violation of this Court's Order and Local Rules, attached as an exhibit to its Motion and has disclosed it to the trial judge and made it public record.

This Court, in the one case that Plaintiff cited in its own Motion, *Earthlink, Inc. v. Pope*, affirmed the principle that a term sheet regarding the parties' settlement, as a document produced during confidential mediation, must remain confidential and must be filed under seal. No. 1:03-CV-2559-JOF, 2007 U.S. Dist. LEXIS 17599, at *2 (N.D. Ga. Mar. 14, 2007) (where the court placed under seal the term sheet that accompanied *pro se* defendant's motion). Similar to the *pro se* defendant in *Earthlink*, Plaintiff here the made the error of not filing the confidential Term Sheet under seal. *Cf. Earthlink,* 2007 U.S. Dist. LEXIS 17599 at *2.

In good faith and in an effort to resolve the issue without additional motions or the need to seek attorney's fees, undersigned counsel of record for Mortimer promptly requested that Plaintiff's counsel redact the exhibit pursuant to the Court Order and Local Rules and seek for leave to file it under seal. (See **Exhibit B** attached hereto)  Not surprisingly, Plaintiff's counsel continued with his unreasonableness and refused to comply.  Allowing Plaintiff to use publicly the Term Sheet made during the negotiation process, including a monetary term, undermines the effectiveness of mediation by discouraging settlement offers and related communications. *Hayes*, 277 B.R. at 433.  Accordingly, the Court should

order that the Term Sheet (and the payment term identified in Plaintiff's Motion to Enforce) be striken and redacted as confidential under seal.

### B. Plaintiff's Conduct is Sanctionable Behavior.

Plaintiff's actions are subject to Local Rule 16.5 which provides that "[f]ailure to comply with the court's pretrial instructions may result in the imposition of sanctions, including dismissal of the case or entry of a default judgment." N.D. Ga. LR 16.5. The court has the inherent power to enforce compliance with its orders through its civil contempt power. *Delta Air Lines, Inc. v. Wunder*, No. 1:13-CV-3388-MHC, 2016 U.S. Dist. LEXIS 119707, at *4 (N.D. Ga. Apr. 14, 2016) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966) and *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)). "Once a court finds a party in contempt of an order, the court may utilize its civil contempt power to impose sanctions on the contemnor." *Id.* at *4.

Plaintiff not only violated this Court's Mediation Order but also violated Local Rules 16.7 regarding confidentiality of settlement matters. The parties engaged in mediation that was purported to be confidential, and the communications and conduct that took place during said mediation were intended to remain of a confidential nature. Plaintiff has deliberately disclosed the Term Sheet to which the parties agreed, when it was not to be made available to the trial

judge or the public. In doing so, Plaintiff has tarnished the very cornerstone of the mediation process that the proceedings remain confidential and facilitate an environment for open discourse towards resolution.

Mortimer's counsel provided notice and opportunity to Plaintiff's counsel to correct its error by disclosing the Term Sheet in the public record and seek for leave to file the document under seal. Despite this, Plaintiff maintained its position and refused to comply, forcing Mortimer to file this motion (and forthcoming additional motions in opposition thereto). Plaintiff not only violated the basic principles of mediation but also is in clear contempt of an Order of this Court. As such, sanctions are warranted as to Plaintiff's conduct and Defendants should be awarded their reasonable costs and attorneys' fees.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an Order striking the Term Sheet and the monetary payment term as referenced in Plaintiff's Motion to Enforce from the public record, and redacting and sanctioning Plaintiff by ordering Plaintiff to pay the court costs for filing this motion (and forthcoming opposition filings in response to Plaintiff's motion), assessing against Plaintiff all of Defendants' attorneys' fees and costs, and for any

4828-3995-0652.1

and all other sanctions the Court deems necessary in its discretion that adequately redress the conduct.

Respectfully submitted this 14th day of November, 2016.

|  |  |
|---|---|
|  | **LEWIS BRISBOIS BISGAARD & SMITH LLP** |
|  | */s/ Jonathan D. Goins* |
|  | Jonathan D. Goins |
| 1180 Peachtree Street, N.E. | Georgia Bar No. 738593 |
| Suite 2900 | Thomas C. Grant |
| Atlanta, Georgia 30309 | Georgia Bar No. 297455 |
| 404.348.8585 – Telephone | Sheri Bagheri |
| 404.467.8845 – Facsimile | Georgia Bar No. 174460 |
| jonathan.goins@lewisbrisbois.com |  |
| thomas.grant@lewisbrisbois.com | Attorneys for Defendant |
| sheri.bagheri@lewisbrisbois.com | *Kenton D. Mortimer, et al.* |

4828-3995-0652.1

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing **Defendants' Memorandum of Law in Support of Their Motion to Strike Confidential Portions of Plaintiff's Motion to Enforce** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia has been typed in Times New Roman 14 count.

/s/ Jonathan D. Goins
Jonathan D. Goins
Georgia Bar No. 738593

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **Defendants' Memorandum of Law in Support of Their Motion to Strike Confidential Portions of Plaintiff's Motion to Enforce** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

| | |
|---|---|
| Charles Marvin Landrum, III<br>Sneed PLLC<br>#263<br>5101 Old Highway 5<br>Lebanon, GA 30146<br>Email: CLandrum@SneedLegal.com | Jason M. Sneed<br>Sneed PLLC<br>Suite 120-107<br>610 Jetton Street<br>Davidson, NC 28036<br>Email: JSneed@SneedLegal.com |

This 14th day of November, 2016.

| | |
|---|---|
| | **LEWIS BRISBOIS BISGAARD & SMITH LLP**<br><br>  /s/ Jonathan D. Goins<br>Jonathan D. Goins<br>Georgia Bar No. 738593<br>Thomas C. Grant<br>Georgia Bar No. 297455<br>Sheri Bagheri<br>Georgia Bar No. 174460 |
| 1180 Peachtree Street, N.E.<br>Suite 2900<br>Atlanta, Georgia 30309<br>404.348.8585 – Telephone<br>404.467.8845 – Facsimile<br>jonathan.goins@lewisbrisbois.com<br>thomas.grant@lewisbrisbois.com<br>sheri.bagheri@lewisbrisbois.com | Attorneys for Defendant<br>*Kenton D. Mortimer, et al.* |

4828-3995-0652.1