UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **STURGIS MOTORCYCLE RALLY, INC.** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 2:14-cv-175-WCO |
| **KENTON D. MORTIMER,** *et al.* ) ) | |
| Defendants. ) ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE BINDING TERM SHEET AND TO RESET BRIEFING DEADLINES**

COME NOW Defendants Kenton D. Mortimer and Mortimer Enterprises ("Mortimer") hereby file their Response in Opposition to Plaintiff's Motion to Enforce Binding Term Sheet ("Motion to Enforce") [Doc. 129]  Mortimer also asks that this Court grant an award of attorney fees against Plaintiff for having to respond to such premature and unnecessary Motion to Enforce.

## BACKGROUND

On July 20, 2016, this Court ordered the case to mediation before Magistrate Judge J. Clay Fuller. [Doc. 111]  The Court had also ordered the taking of depositions of Mortimer's related parties (i.e., Sturgis Rally Week, Inc., Lavon

1

Mortimer, Malia Sherman, Conquest Tactical).  On August 1, 2016, Magistrate Judge Fuller issued an "Order Setting Mediation" outlining the rules, including confidentiality, and scheduling mediation for September 13, 2016.  [Doc. 116] Given the upcoming mediation date, and to avoid additional litigation costs, the parties agreed to postpone the depositions of the Mortimer related parties until after mediation, assuming a settlement could not be reached.  [Doc. 118 (8/15/16 Stipulation)]

On September 13, 2016, the parties reached an "agreement to agree" on certain terms via a mediation term sheet, which included a requirement that the parties "**agree to enter into a final settlement agreement** . . .."  [Doc. 129-2] The terms were applicable to all parties, including now defunct Mortimer Enterprises and Mortimer's related parties (i.e., Sturgis Rally Week, Inc., Lavon Mortimer, Malia Sherman, Conquest Tactical).  As such, the depositions of the Mortimer related parties was no longer needed; and thus, were not taken at the dates issued in the parties' Stipulation.  To this end, on September 14, Judge Fuller issued a court notification that the case reached a settlement resolution; that final documentation would be prepared by no later than September 23, 2016.  [Doc. 126]  On September 16, 2016, the parties filed a consent motion to stay all pending deadlines.  [Doc. 127]  In the consent motion, the parties made it clear that they

requested to postpone and stay the all pending deadlines given the pending settlement resolution and only "in the unforeseen event that a fully executable agreement cannot be finalized or terms and conditions unfilled." [Id.] The consent motion stated clearly that the parties had not yet reached a "fully executable agreement[.]" The parties also indicated that they would "notify the Court in the unlikely event the aforementioned motions need to be resumed." [Id.] On September 19, 2016, the Court granted the parties' motion to stay.

Without revealing specific confidential communications, the parties exchanged various drafts of settlement agreements -- on September 14, 23, 28 and October 4. The parties reached an impasse and sought intervention with Judge Fuller.

On October 5, Magistrate Judge Fuller's clerk agreed to meet with the parties. On October 11, Judge Fuller held a conference call with both parties, which was reflected via the court docket. [Doc. 128] The parties exchanged additional communications thru October 2016, including a last draft that the Mortimer Defendants provided to Plaintiff's counsel and Judge Fuller on October 31, 2016 [as reflected in the Motion to Seal documents, Doc. 134]. Plaintiff abruptly ended mediation settlement discussions, and on November 4, 2016, filed

the pending Motion to Enforce. At no point in time had Judge Fuller issued his final recommendations, conclusions or findings pursuant to Local Rule 16.7.

## STANDARD OF REVIEW

When construing and enforcing settlement agreements, the Court applies state contract law. *Cohen v. DeKalb County School Dist.*, No. 1:09cv1153 WSD., 2009 WL 4261161, at *4 (N.D. Ga. Nov. 25, 2009) (citing *Vinnett v. Gen. Elec. Co.*, 271 Fed. Appx. 908, 912 (11th Cir. 2008)). Under Georgia law, courts evaluate a motion to enforce a settlement agreement under "standards similar to a motion for summary judgment." *Id.* (citing *Ballard v. Williams*, 476 S.E.2d 783, 784 (Ga. Ct. App. 1996)). "To prevail, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [plaintiff's] case." *Walls v. Walls*, 260 Ga. App. 673, 675, 580 S.E.2d 564 (Ga. Ct. App. 2003). Plaintiff SMRI bears the burden of showing the absence of a genuine issue of material fact, and "[t]he Court must draw all disputed factual inferences in the light most favorable to the non-moving party." *Cohen*, 2009 WL 4261161, at *4 (citing *Vinnett*, 271 Fed. Appx. at 912). "If the record presents factual issues, the court must not decide them; it must deny the motion

4

and proceed to trial." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999).

## ANALYSIS

Plaintiff's Motion to Enforce should be denied because:

(a) the term sheet was an "agreement to agree" and not otherwise valid and enforceable until there was a "meeting of the minds" with mutual assent on all essential terms, being reasonably certain and finalized into a formal agreement;

(b) the term sheet was subject to mediation and local rules of confidentiality and cannot be used as evidence; and

(c) the parties had yet to complete mediation, as Plaintiff did not permit Magistrate Judge Fuller to conclude his findings.

### A. The Parties' Term Sheet Is Not Enforceable Under Basic Contract Law

"[I]t is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense." *Southern Medical Corp. v. Liberty Mut. Ins. Co.*, 216 Ga.App. 289, 291, 454 S.E.2d 180 (Ga. Ct. App. 1995). To constitute a valid contract, there must be a meeting of the minds on all essential terms. *Cohen*, *supra*, 2009 WL 4261161 at *5. "[I]f there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement ... it must follow that a valid and binding contract was not made."

*BellSouth Advertising, etc., Corp. v. McCollum*, 209 Ga. App. 441, 445, 433 S.E.2d 437, 440 (Ga. App. Ct. 1993).

Plaintiff seeks to enforce the parties' "term sheet" entered into at mediation—specifically the monetary payment term and mutual release term as only against Mortimer individually (and not as to Mortimer's defunct corporation or his related parties). This proposition fails basic application of contract law. To constitute a valid and enforceable contract in Georgia, there must be a meeting of the minds on all provisions. *Cohen supra*, 2009 WL 4261161 at *5; *see also* RESTATEMENT (SECOND) OF CONTRACTS § 17 (1981) ("the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration"). The monetary payment term was on behalf of Mortimer, Mortimer Enterprises and Mortimer's related parties, all of whom were identified on the term sheet. [Doc. 129-2] The payment term was negotiated as consideration in exchange for other essential terms, including a requirement that the parties enter into a full and complete settlement agreement. The term sheet made this requirement explicitly clear, i.e., the parties "**agree to enter into a final settlement agreement** . . .." [Doc. 129-2]

SMRI and the Mortimer defendants had not yet reached a settlement agreement; and thus, SMRI cannot now seek to enforce arbitrary aspects of the

6

term sheet it deems most favorable. Unless and until the parties complete a fully executed settlement agreement and have a mutual assent as to all essential terms, then the parties do not have a settlement (even partially). "[I]f there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement . . . it must follow that a valid and binding contract was not made." *BellSouth Advertising*, 209 Ga. App. at 445, 433 S.E.2d at 440; *see also* O.C.G.A. § 13-3-1; RESTATEMENT (SECOND) OF CONTRACTS § 27 ("if either party knows or has reason to know that the other party regards the agreement as incomplete and intends that no obligation shall exist until other terms are assented to or until the whole has been reduced to another written form, the preliminary negotiations and agreements do not constitute a contract").

The parties stated specifically that they would "agree to enter into a final settlement agreement . . . .." [Doc. 129-2] As such, the parties' mediation sheet was an agreement to agree on certain terms, but it was not wholly complete in that a valid and enforceable agreement was reached at the time. *See, e.g., Liberto v. D.F. Stauffer Biscuit Co.*, 441 F.3d 318, 323-324 (5th Cir. 2006) (finding the parties' settlement to be an unenforceable "agreement to agree" and not binding because it did not resolve all essential terms: "Given its centrality [of quality

control], leaving necessary terms of control to be determined in future negotiations militates against the finding of a binding contract."); *see also BellSouth Advertising*, 209 Ga. App. at 445.

Based on review of the term sheet, the parties had left open several terms to be defined and agreed upon. The parties' exchange of draft settlement agreements and related communications[1] reflect that there was no mutual assent or meeting of the minds; that there were essential terms to be readily defined and reasonably certain. *See, e.g.*, RESTATEMENT (SECOND) OF CONTRACTS §§ 27, 33 (1981).[2]

**B. The Term Sheet is Subject to this Court's Order Setting Mediation and Local Rule 16.7 (I)(5), Which Prohibits the Disclosure and Use of the Term Sheet as Evidence**

In violation of the local rules and general conditions of confidentiality of mediation, Plaintiff shockingly filed the parties' mediation "term sheet" as an exhibit to its Motion to Enforce. The term sheet was prepared as a part of the

---

[1] The Mortimer Defendants filed a Motion to Seal these confidential documents, which indicate the severity of the parties' lack of assent. [Doc. 134]

[2] Plaintiff cites a single authority to support its position that the term sheet is enforceable. *See Earthlink, Inc. v. Pope*, No. 1:03-CV-2559, 2007 U.S. Dist. LEXIS 17599 at **7-8 (N.D. Ga. Mar. 14, 2007). In *Earthlink*, however, the parties had set forth an extensive description of material terms of an agreement to settle the dispute; conversely, the parties here had left open significant terms that were not yet reasonably certain, i.e., "to be defined, "to be considered," and "to be finalized." [Doc. 129-2]

parties' conciliation efforts at a <u>confidential</u> mediation that took place on September 13, 2016. It is well-established that mediations are subject to confidentiality, as outlined in the Order Setting Mediation and Local Rules of this Court, including any terms or communications discussed and may not be made public or used as evidence.[3] This confidentiality requirement seeks to encourage settlement and open disclosures during negotiation by removing the threat that statements will later be used in litigation. *See Hays v. Equitex, Inc. (In re RDM Sports Grp., Inc.)*, 277 B.R. 415, 428 (Bankr. N.D. Ga. 2002) (finding that the confidential nature of mediation and alternative dispute resolution proceedings is an essential component of the successful discourse towards resolution); *see also Mableton Parkway CVS, Inc. v. Salter*, 254 Ga. App. 162, 164, 561 S.E.2d 478, 482 (2002); *Davidson v. American Fitness Centers, Inc.*, 171 Ga. App. 691, 694, 320 S.E.2d 824, 826-27 (1984). This Court's Order Setting Mediation reaffirms these principles and expressly provides that all matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party, or to the trial judge; that any statements made or presented during

---

[3] Accordingly, the Court should strike and otherwise redact as confidential under seal both (a) the Term Sheet and (b) the monetary payment referenced in the Motion from the record because it violates the Court's mediation order and the Local Rules of this Court. [See Doc. 116]

the conference are confidential.  [Doc. No. 116 at p. 2; see also Ex. A) (quoting N.D. Ga. LR 16.7I (5))]

The term sheet at issue was created during the parties' conciliation efforts at a <u>confidential</u> mediation.  The parties engaged in the negotiation process under the mutual agreement and understanding that the conduct and communications of the parties would remain confidential.  "Evidence of conduct or statements made in compromise negotiations or mediation shall not be admissible." O.C.G.A. § 24-4-408(b); *see also* Fed. R. Evid. 408.[4]  These requirements of confidentiality and inadmissibility have been construed to apply to both offeror and offeree in relation to settlement-related offers and demands. *Davidson v. American Fitness Centers, Inc.*, 171 Ga. App. 691, 694, 320 S.E.2d 824, 826-27 (1984).

---

[4] The Federal Rules of Evidence exclude the use of a settlement offer or a statement made during settlement negotiations as evidence:

> Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

FED. R. EVID. 408(a).

Plaintiff seeks to use the Term Sheet to enforce arbitrary, piecemeal aspects in claiming a motion to enforce; however, federal and comparable state statutory evidentiary laws expressly prohibit the use of statements made during settlement discussions to prove a claim. FED. R. EVID. 408(a)(2). Statements made during the settlement discussions are strictly prohibited from being used as substantive evidence. *Id*.

Consistent with the governing federal and state evidentiary law and the mediation provisions of confidentiality cited above, courts have routinely rejected efforts by parties dissatisfied with the outcome of mediations or other settlement negotiations to place the other party's good faith at issue by revealing the facts and details underlying the negotiations. *See e.g. Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F. Supp. 2d 1253, 1256-58 (Colo. 2003) (effort to advance bad faith claim based upon amount of settlement offer was "futile"); *Sanders v. Madison Square Garden, L.P.*, 525 F. Supp. 2d 364, 369-70 (S.D.N.Y. 2007) (evidence regarding size and nature of plaintiff's large settlement demand was not admissible to support opposing party's bad-faith claim). In this context, principles of confidentiality and inadmissibility serve the vital purposes of helping to encourage settlements and protecting parties who engage in settlement-related negotiations. *Mableton Parkway CVS, Inc. v. Salter*, 254 Ga. App. 162, 164, 561

S.E.2d 478, 482 (2002). Plaintiff's motion to enforce only certain aspects of the term sheet violates both the mediation rules of this Court and the law governing the confidentiality and inadmissibility of the mediation process. Since Plaintiff seeks to use the Term Sheet as substantive evidence, the Court should deny the motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an Order:

(a) Granting Defendants' Motion To Strike the Term Sheet and the monetary payment term as referenced in Plaintiff's Motion to Enforce from the public record as confidential and under seal, redacting and sanctioning Plaintiff by ordering Plaintiff to pay the court costs for filing the Motion Strike and for having to respond to Plaintiff's Motion to Enforce herein;

(b) Denying Plaintiff's Motion to Enforce for the foregoing reasons;

(c) Awarding Defendants attorneys' fees and costs, and for any and all other sanctions the Court deems necessary in its discretion, for Defendants having to respond to Plaintiff's premature Motion to Enforce filing.

Respectfully submitted this 21st day of November, 2016.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Jonathan D. Goins*

| | |
|---|---|
| | Jonathan D. Goins |
| 1180 Peachtree Street, N.E. | Georgia Bar No. 738593 |
| Suite 2900 | Thomas C. Grant |
| Atlanta, Georgia 30309 | Georgia Bar No. 297455 |
| 404.348.8585 – Telephone | Sheri Bagheri |
| 404.467.8845 – Facsimile | Georgia Bar No. 174460 |
| jonathan.goins@lewisbrisbois.com | |
| thomas.grant@lewisbrisbois.com | Attorneys for Defendant |
| sheri.bagheri@lewisbrisbois.com | *Kenton D. Mortimer, et al.* |

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing **Defendants' Response in Opposition to Plaintiff's Motion to Enforce Binding Term Sheet** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia.

/s/  Jonathan D. Goins
Jonathan D. Goins
Georgia Bar No. 738593

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **Defendants' Response in Opposition to Plaintiff's Motion to Enforce Binding Term Sheet** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Charles Marvin Landrum, III
Sneed PLLC
#263
5101 Old Highway 5
Lebanon, GA 30146
Email: CLandrum@SneedLegal.com

Jason M. Sneed
Sneed PLLC
Suite 120-107
610 Jetton Street
Davidson, NC 28036
Email: JSneed@SneedLegal.com

This 21st day of November, 2016.

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30309
404.348.8585 – Telephone
404.467.8845 – Facsimile
jonathan.goins@lewisbrisbois.com
thomas.grant@lewisbrisbois.com
sheri.bagheri@lewisbrisbois.com

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

　/s/ Jonathan D. Goins
Jonathan D. Goins
Georgia Bar No. 738593
Thomas C. Grant
Georgia Bar No. 297455
Sheri Bagheri
Georgia Bar No. 174460

Attorneys for Defendant
*Kenton D. Mortimer, et al.*